UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| CARLOS GONZALEZ, | Criminal Case No. 22-30027-MGM |
| Defendant. | |

MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION

Defendant Carlos Gonzalez ("Defendant") is charged by indictment with one count of

possession with intent to distribute 400 grams or more of fentanyl and aiding and abetting in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) and 18 U.S.C. § 2 (Count I) and one count

of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

924(c)(1)(a) (Count II).  The government moved for pre-trial detention, invoking the

presumption that applies when there is probable cause to believe that the defendant committed a

controlled substances offense for which a maximum term of imprisonment of ten years or more

is prescribed by statute.  *See* 18 U.S.C. § 3142(e)(3)(A).  The court held a hearing on the

government's motion on August 23, 2022, and, at the conclusion of the hearing, took the

government's motion under advisement.

The factors to be considered in determining whether to release or detain a defendant

pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the

1

offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

In seeking pretrial detention, the government relies to a significant extent on the nature and circumstances of the offense. The government alleges that Defendant was responsible for fabricating and distributing counterfeit oxycodone pills that contained fentanyl. The government argues – persuasively – that the drug distribution activity in which Defendant was allegedly engaged poses a very substantial danger to the community because fentanyl is a powerful drug and any one of the counterfeit pills Defendant was distributing could be fatal to the individual who ingested it. When a search warrant was executed at Defendant's residence, agents found more than 5,000 counterfeit oxycodone pills, $5,320.00 in a safe, and a firearm (for which Defendant had a permit) in an unsecured drawer. Defendant faces a minimum mandatory ten-year sentence on Count I and a five-year minimum mandatory sentence on Count II, which must be served consecutively to any other sentence the court imposes. Based on the evidence seized when the search warrant was executed, the government's case on both counts appears strong.

As to Defendant's personal characteristics, according to the pretrial services report, Defendant is a twenty-five-year-old man who has lived in Springfield for all of his life. He has very strong family ties in the area, including most of his immediate family members and a significant other with whom he shares a two-year-old son. He was living with his significant other and their child when he was arrested and, if released pending trial, would return to this

address.  Defendant is employed as a welder and can return to his job if released pending trial.
He is training as a boxer and has fought professionally.

Defendant has no history of juvenile or adult criminal convictions.  He was arrested on
January 25, 2022 and charged with narcotics and firearms offenses in state court following
execution of a search warrant issued by this court.  The state district court released Defendant on
a $5,000 cash bail and this bail amount remained in effect after he was indicted by a
Commonwealth grand jury and his case was removed to the state Superior Court.  The
government reported that there is overlap in the drug offenses and some other offenses charged
in state court and that some, but not all, of the state court charges will be dismissed in deference
to the federal indictment.  Defendant was facing a minimum mandatory sentence on the state
court charges that is comparable in severity to the sentence he faces in federal court.  He has
appeared as required on the state court charges since he was released on bail in January 2022.
When the arrest warrant was executed on August 23, 2022, law enforcement officers did not find
any evidence of criminal activity.

There is no dispute that the rebuttable presumption in the Bail Reform Act applies in this
case.  A defendant is only required to produce some evidence to rebut the presumption.  The
burden of persuasion remains with the government.  Even when a defendant submits rebuttal
evidence, however, the presumption of pretrial detention retains evidentiary weight.  *See, e.g.,
United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).  The burden of proof on risk of
flight is by a preponderance of the evidence.  The burden of proof on danger to the community is
by clear and convincing evidence.  *See, e.g., United States v. Galeano*, Criminal No. 09-cr-03-
02-JL, 2009 WL 129958, at *1 (D.N.H. Jan. 16, 2009) (citing *United States v. Patriarca*, 948
F.2d 789, 792-93 (1st Cir. 1991)).

3

The government relies on the length of the mandatory sentence Defendant faces as proof by a preponderance of the evidence that no set of conditions will reasonably assure Defendant's future court appearances.  Defendant has rebutted the presumption that he is a risk of flight by the evidence of his strong ties to the community, his employment history and prospects of employment while on pretrial release, and the fact that, facing state court charges carrying a sentence of a length similar to the sentence he faces in federal court, he has not absconded  To address the risk of flight, Defendant has proposed a $10,000 cash bail and expressed a willingness to submit to electronic location monitoring.

The court finds that the government has not shown by a preponderance of the evidence that there are no conditions that will reasonably assure Defendant's future court appearances. Most persuasive to the court is that fact that Defendant has been on pretrial release on state court charges for some seven months, facing a sentence similar to the sentence he faces in this court. He did not leave the jurisdiction, and he has consistently appeared as required in connection with the state court charges.  This history is sufficient to provide a basis to believe that he understands the importance of compliance and will continue to comply in the future.  Further, there was no evidence of strong ties to any other geographic location and, while such evidence may exist, this court has not heard evidence that Defendant has the financial resources to leave the state and establish a life for himself somewhere else.

In seeking pretrial detention, the government placed the most weight on the risk Defendant would pose to another or the community in the event of pretrial release where there is probable cause to believe that he was engaged in distributing counterfeit oxycodone pills containing fentanyl.  The government rightly identifies Defendant's alleged past conduct as posing a very serious risk to many individuals in the community.  The question before the court,

4

however, is whether there are conditions that will reasonably assure that Defendant will not engage in activities that are dangerous to the community or another pending trial.  Again, it is significant that, seven months after Defendant's arrest on state court charges, law enforcement officers found no evidence of criminal conduct when they arrested Defendant on August 23, 2022 at his residence.  He has no record of prior convictions or arrests.  He has not defaulted on a warrant or violated a condition of probation.  There is no evidence before the court to show that, at this time, Defendant is in a position to engage in the kind of criminal conduct the government alleges he was engaged in prior to his arrest.  For these reasons, the court finds that there are conditions that will reasonably assure the safety of the community if Defendant is released pending trial.

A form of conditions of release is attached hereto as exhibit 1.  Defendant will not be eligible for release until the cash bond is posted.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

Dated:  August 26, 2022

5